For meaning of Abreviations, See Ternary Digest, page XII.

### No. 750
### YANUKENAS v. KOHLER, Sheriff
### No. 19945.   Supreme Court

On motion to certify.   Dock. June 30, 1926; 4 Abs. 475.

**685. JUSTICE OF PEACE**—Upon non-payment of a fine for illegal possession of apparatus for the manufacture of intoxicating liquor may the Justice of Peace order imprisonment in the county jail, or in the county workhouse only?

Anthony Yanukenas was arrested and convicted by the Justice of the Peace for Rocky River Township, Cuyahoga County, on the charge of possession of apparatus for the manufacture of intoxicating liquor. Upon default in payment of the fine the order provided that the accused be imprisoned in the Cuyahoga County jail.

The judgment of the Common Pleas in dismissing the petition of Yanukenas was affirmed by the Court of Appeals on the theory that the Justice of the Peace had authority to confine the accused in the county jail.

Yanukenas in the Supreme Court contends:

1.   That the Justice of the Peace had no authority to confine him in the county jail.

2.   That he could be committed only to the workhouse in Cuyahoga county.

**Attorneys**—J. H. Mellen and Louis Barnes, for Yanukenas; E. C. Stanton and H. E. Parsons for Kohler; all of Cleveland.

### No. 751
### SEEDS et v. SEEDS et
### No. 19941.   Supreme Court

On motion to certify.   Dock. June 28, 1926; 4 Abs. 475.

**460. EQUITY**— Where disinherited heirs allow such time to pass in bringing an action to set aside a will on the ground of fraud as to bar them of this remedy by reason of laches, may said heirs maintain an action to have a trust declared in their favor on the ground of fraud?

Leona E. Seeds and other heirs brought this action originally in the Franklin Common Pleas, the petition alleging the following facts:

That the mother of plaintiff died on September 13, 1913, and that on the day prior to her death defendants took her hand and made a mark upon a will while she was in an unconscious condition; that said will had but one witness and that at the hearing in the Probate Court another witness was procured and thereupon the will was probated; J. W. Seeds, the father of the plaintiffs, accepted notice as plaintiff's guardian, the father being the sole beneficiary under the will which he had drawn by which the plaintiffs were disinherited. It was alleged that plaintiffs did not discover the actions of fraud until within four years prior to the filing of this petition. It is further alleged that J. W. Seeds was married to one Nancy J. Seeds in 1918, who accomplished the transferring of all of the property of the estate to her without consideration.

The judgment of the Common Pleas in sustaining a demurrer to the petitions was affirmed by the Court of Appeals on the ground that the plaintiffs under the allegations of the petition were not entitled to any relief in a court of equity by reason of laches.

Plaintiffs in the Supreme Court contend:

1.   That they are not seeking to set aside the will.

2.   That a good cause of action has been stated to warrant a declaration of a trust in favor of the beneficiary by reason of fraud perpetrated by one while the grantor was incompetent, and without any consideration.

**Attorneys**—M. L. Bigger and E. J. Greeley, Jr., for Plaintiffs; Vorys, Sater, Seymour & Pease, for Defendant; all of Columbus.